[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant's motion to strike count three of the complaint (#113) on the grounds that there is no private cause of action under CUIPA, and that the complaint fails to allege a "general business practice," as required for a claim under CUIPA, is granted. CT Page 9154
"The Connecticut Supreme Court to date has not determined whether CUIPA provides for a private right of action. Superior Court decisions have long been divided on the issue." (Citations omitted.) Stabile v. Southern Connecticut Hospital Systems,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (Oct. 31, 1996, Levin, J.) (18 Conn. L. Rptr. 157).
Regardless, under General Statutes § 38a-816 (6), "the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Heyman Associates No. 1 v.Insurance Co. of Penn., 231 Conn. 756, 796, 653 A.2d 122 (1995). "[C]laims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Meadv. Burns, 199 Conn. 651, 659, 509 A.2d 11 (1986).
Here, the plaintiff fails to allege facts showing a general business practice of the defendant. Further, the complaint alleges only a single act of insurance misconduct. Plaintiff's objection to defendant's motion to strike (#122) is overruled.
D'ANDREA, J.